

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2009

# USA v. Reyes-Ortiz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Reyes-Ortiz" (2009). *2009 Decisions*. Paper 1972.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1972

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4233
_____

UNITED STATES OF AMERICA

v.

LUIS ALBERTO REYES-ORTIZ,

Appellant

_____

On Appeal from United States District Court
for the District of New Jersey
(D. C. No.: 07-cr-00530)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and ELLIS,[*] *District Judge*

(Filed: January 29, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

_____

[*]The Honorable Thomas Selby Ellis, III, Senior District Judge for the United States
District Court for the Eastern District of Virginia, sitting by designation.

Luis Alberto Reyes-Ortiz pleaded guilty to a one-count information charging him with unlawful reentry in violation of 8 U.S.C. § 1326. The District Court sentenced Reyes-Ortiz to 41 months imprisonment and he filed this timely appeal. Counsel for Reyes-Ortiz has moved for permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1968). We will grant counsel's motion and dismiss the appeal.

I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here.

When counsel files a motion pursuant to *Anders*, as counsel for Reyes-Ortiz has done here, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements, and (2) an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, appointed counsel must examine the record, conclude that there are no non-frivolous issues for review, and request permission to withdraw. Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Reyes-Ortiz's counsel identified five reasons why an appealable issue does not exist: (1) there are no preserved defense objections; (2) there were no procedural errors in the guilty plea or sentencing proceedings; (3) the District Court considered whether a sentence outside the Guidelines range was warranted and determined that there was no factor to justify a non-

Guidelines sentence; (4) the sentence imposed was reasonable; and (5) Reyes-Ortiz knowingly and voluntarily waived his right to appeal his conviction and sentence.

After Reyes-Ortiz was informed of his counsel's intention to file an *Anders* brief, he reiterated his prior request to challenge the sufficiency of the representation he received in the District Court. We generally do not entertain ineffective assistance of counsel claims on direct appeal; rather, "a defendant must raise ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 in order that the district court may create a sufficient record for appellate review." *Gov't of Virgin Islands v. Forte*, 806 F.2d 73, 77 (3d Cir. 1986).

We find that counsel's discussion of the reasons why no appealable issue exists, as well as Reyes-Ortiz's ineffective assistance of counsel claim, meet the requirements of the first prong of *Anders*.

As for the second prong of *Anders*, we have independently reviewed the record and we agree with counsel's comprehensive analysis as to why no appealable issue exists.

Accordingly, we will affirm the judgment of the District Court and grant counsel's motion to withdraw pursuant to *Anders*.